UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

FARRAH MARQUETTE, et al.,

        Plaintiffs,

   v.

OSHKOSH DEFENSE, LLC,

        Defendant.

Case No. 18-CV-1719

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND STIPULATION FOR DISMISSAL WITH PREJUDICE

The parties, by their undersigned counsel, hereby respectfully request that the Court: (A) approve their Confidential Settlement Agreement ("Settlement Agreement"); and (B) upon approval of the Settlement Agreement, dismiss the above-captioned lawsuit ("Lawsuit") with prejudice and without further costs to any party pursuant to Fed. R. Civ. P. 41. In support of this joint motion, the parties state as follows:

1. On October 30, 2018, Farrah Marquette filed the Lawsuit as a putative collective and class action under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws. The other Plaintiffs opted-in to the Lawsuit by filing Consent to Join Forms with the Court.

2. On August 14, 2019, the Court denied Plaintiffs' motion for conditional certification of a FLSA collective. No FLSA collective or Rule 23 class was ever certified in the Lawsuit.

3. Plaintiffs and Defendant have now reached a settlement of the Lawsuit. As no collective or class was ever certified, the settlement only addresses Plaintiffs' claims against Defendant. A copy of the parties' Settlement Agreement is being filed as **Exhibit 1** to this motion,

and is subject to the parties' Joint Motion for Leave to File under Seal Exhibit 1 to the Parties' Joint Motion for Court Approval of Settlement.

4. As part of the settlement, the Parties, through their counsel, hereby stipulate and agree to dismiss the Lawsuit with prejudice and without costs to either party.

5. In exchange for Plaintiffs' agreement to dismiss the Lawsuit and release any claims against Defendant and other released parties, Defendant will make monetary payments to Plaintiffs as outlined in the Settlement Agreement.

6. Some authority requires that for the private settlement of Plaintiffs' FLSA claims to be enforceable, the Settlement Agreement must be approved by the Department of Labor or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) ("[s]tipulated settlements in a FLSA case must be approved by the Court....").

7. When reviewing the fairness of a settlement under the FLSA, the Court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F. Supp. 2d at 995. An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel ... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id.* (internal quotation and citation omitted).

8. Because the parties believe they have reached a fair and reasonable resolution of disputed factual and legal issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the Lawsuit with prejudice and without costs to any party.

9. In the Lawsuit, Plaintiffs allege that they worked before and/or after their scheduled shifts and that Defendant failed to compensate them (including applicable overtime) for such work. Defendant vehemently denies the allegations in the Lawsuit and denies any liability to Plaintiffs under the FLSA or Wisconsin wage and hour laws.

10. There are numerous material factual and legal disputes between the parties, including: (A) whether and for how long any Plaintiff worked before and/or after his/her scheduled shift; (B) whether the work allegedly performed by the Plaintiffs was compensable; (C) whether Defendant knew (or should have known) Plaintiffs were performing compensable work before and/or after their scheduled shift; (D) whether the work performed by Plaintiffs was *de minimis*; and (E) whether and to what extent compensation owed to Plaintiffs, if any, was subject to offset for premiums paid by Defendant for daily and weekly overtime.

11. The parties conducted substantial discovery, including the depositions of two Rule 30(b)(6) representatives of the Defendant and the depositions of three Plaintiffs. Additionally, Plaintiffs and Defendant conducted written discovery, pursuant to which all Plaintiffs' timekeeping and payroll records were produced and reviewed.

12. On August 14, 2019, this Court denied Plaintiffs' motion for conditional certification of a FLSA collective. Since that time, and following thorough review of discovery materials, the parties have been engaged in negotiations to resolve Plaintiffs' claims. Such negotiations included multiple telephone calls and e-mail exchanges setting forth the parties'

respective factual positions, legal arguments, and settlement offers. At all times, the parties were represented by counsel and the negotiations were arms-length.

13. As a result of their negotiations, the parties reached a settlement of Plaintiffs' claims which they believe represents a fair resolution in light of counsels' analysis of the evidence and the merits of the parties' claims and defenses.

14. The parties stipulate that the Lawsuit be dismissed with prejudice and without costs to any party.

WHEREFORE, for all the foregoing reasons, Plaintiffs and Defendant jointly request that the Court enter an Order approving the Settlement Agreement and dismissing this Lawsuit with prejudice and without costs to any party pursuant to Fed. R. Civ. P. 41.

Dated this 3rd day of March, 2020.

HAWKS QUINDEL S.C.

By: *s/ Summer H. Murshid*
Larry A. Johnson
State Bar No. 1056619
Summer H. Murshid
State Bar No. 1075404
Timothy P. Maynard
State Bar No. 1080953

Attorneys for Plaintiffs

P.O. ADDRESS:
222 East Erie Street, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Phone: 414-271-8650
Fax: 414-271-8442
ljohnson@hq-law.com
smurshid@hq-law.co
tmaynard@hq-law.com

Dated this 3rd day of March, 2020.

                          GODFREY & KAHN, S.C.

By: *s/ Annie L. Eiden*
    John A. Haase
    State Bar No. 1027536
    Annie L. Eiden
    State Bar No. 1070855

Attorneys for Defendant

P.O. ADDRESS:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
jhaase@gklaw.com
aeiden@gklaw.com